**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**SUKHVIR SINGH**                                                                                          **PETITIONER**

**VERSUS**                                                          **CIVIL ACTION NO. 5:19-cv-138-KS-MTP**

**SHAWN R. GILLIS**                                                                                    **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Sukhvir Singh's Petition for Habeas Corpus [1]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition [1] be denied and that this matter be dismissed with prejudice.

**BACKGROUND**

Petitioner, a citizen of India, asserts that he has been held in custody by Immigration and Customs Enforcement ("ICE") at the Adams County Detention Center in Natchez, Mississippi since November 13, 2019. Resp. [8-1] Ex. 1 at 1.

Petitioner entered the United States on or about November 17, 2017 without inspection.[1] *Id*. On September 26, 2019, an immigration judge ordered Petitioner removed from the country. *Id*.

On November 13, 2019, ICE served Petitioner with a "biographical particulars worksheet" to expedite the process of obtaining travel documents in preparation for Petitioner's removal. *Id.* Petitioner refused to complete the worksheet. *Id.*

---

[1] All aliens (including alien crewmen) who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States shall be inspected by immigration officers. – 8 U.S.C. § 1225(a)(3)

1

On December 2, 2019, ICE served Petitioner with a Warning for Failure to Depart (Form I-229(a)) along with the Instruction Sheet to Detainee Regarding Requirement to Assist in Removal. *Id.* Petitioner also refused to complete the form. *Id.*

On January 2, 2020, ICE served Petitioner with a Warning for Failure to Depart (Form I-229(a)) along with the Instruction Sheet to Detainee Regarding Requirement to Assist in Removal. *Id.* at 2. Petitioner again refused to complete the form. *Id*. at 2.

On January 8, 2020, the acting Field Officer Director at ICE issued Petitioner a Notice of Failure to Comply Pursuant to 8 C.F.R. 241.4(g). *Id.* at 2. On January 22, 2020, the Eleventh Circuit Court of Appeals denied Singh's petition for a stay of removal because he failed to comply with that court's order. Resp. [8-4] Ex. 4.  Petitioner is still in ICE custody.

Petitioner seeks to be released from custody under 28 U.S.C. § 2241(c) pending his appeal to the 11th Circuit because the six-month reasonable detention period under *Zadvydas v. Davis*, 533 U.S. 678 (U.S. 2001) has expired.[2]  Pet. [1].

Respondent counters that Petitioner's continued detention is reasonable because Petitioner has failed to cooperate with ICE in obtaining travel documents. Resp. [8] at 1. Respondent relies on the declaration of Immigration Officials to rebut the Petition [1]. Resp. [8-1]. Respondent further contends that 8 U.S.C. § 1231(a)(1)(C) bars an alien from seeking habeas relief when he has "fail[ed] or refuse[d] to make timely application in good faith for travel or other documents necessary to [his] removal." *Id.*

---

[2] Though Petitioner alleges four grounds in his initial petition, the undersigned will combine them into one ground in this Report and Recommendation, as each ground centers around a *Zadvydas* claim.

Respondent presented numerous exhibits to support his response that Petitioner has been uncooperative with obtaining travel documentation and by failing to complete the required forms. *See* Res. [8-2]. The Petitioner has not contested or otherwise replied to Gillis's response.

Furthermore, Respondent asserts that ICE routinely deports detainees to India when the alien has been issued final travel documentation. Resp. [8-1] Ex. 1 at 2. Respondent represents that Petitioner's deportation to India is imminent once Petitioner assists ICE by filling out the proper forms. *Id.* at 2.

This Petition [1] was filed on December 9, 2019. On February 24, 2020, Shawn Gillis filed his Response [8]. Petitioner did not file a reply and the time for doing so has expired. This matter is now ripe for review.

## ANALYSIS

**I.      Detention Over the Statutory Period**

Petitioner alleges that he has remained in ICE custody beyond the presumptively reasonable six-month post-removal order period outlined in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has 90 days after an order of removal becomes final to deport an alien. The Supreme Court has held that detention of aliens beyond this 90-day period is acceptable for up to six months. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." *Id*. This does not mean that every alien not removed after six months must be released. *Id*. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

3

However, if an alien challenges the length of his detention, he must be able to show by more than mere conclusory allegations that he will not be released in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). In *Andrade*, the Fifth Circuit held that a petitioner "[who] offered nothing beyond his conclusory statements suggesting that he will not be immediately removed" failed to adequately shift the burden to the Government under *Zadvydas*. *Id.* at 543-544.

If an alien hampers the removal process, he tolls the six-month detention period. *See Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993). The petitioner in *Balogun* caused the delay in his deportation by refusing to cooperate with immigration officials. Because the petitioner "[sought] to interfere with the ability of the INS to obtain travel documents for him, the INS has not had six unhampered months to effect petitioner's deportation and thus the time limit prescribed. . . was equitably tolled by petitioner's conduct." *Id.* at 349. "[A]n alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay." *Lusanga v. Ramos*, 2019 WL 2851759, at *2 (W.D. La. June 11, 2019) (citing *Daniel v. Holder*, 2015 WL 5553670 (W.D. La. Aug. 18, 2015)); *see also Mytyuk v. Young*, 347 F. App'x 50, 51 (5th Cir. 2009).

As Petitioner has refused to cooperate with ICE officials in obtaining travel documents, the delay in his deportation was caused by his own actions. As was the case in *Lusanga*, it would be inequitable to allow the petitioner to benefit from a delay occasioned by his own conduct or lack of cooperation.

Petitioner has not contested any of the Government's claims, nor has he presented any evidence suggesting there is no likelihood of removal in the reasonably foreseeable future under

the *Zadvyda*s standard. Petitioner has not met his burden-shifting requirement under *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), relying only on conclusory allegations.

Respondent presented a declaration from Officer Robert J. Hallanger at Adams County Detention Center stating, in his professional opinion, once the alien fills out the required paperwork to obtain travel documents, the Petitioner will be deported to India in an "imminent" fashion. Resp. [8-1] at 2. He further stated, "India regularly issues ICE emergency travel documents to facilitate the repatriation of their citizens to India." *Id*.

The Petitioner cannot effectively argue that his continued detention is unreasonable when the Government is unable to deport him as intended due to his own actions. Accordingly, the Petition should be dismissed.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be DENIED and that this action be DISMISSED with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 24th day of June, 2020.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge